UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20871-CIV-KMM

ROSENDO LAZARO ALOMA TOLEDO and )
all others similarly situated under 29 U.S.C. )
216(B), )
)
)
        Plaintiff, )
vs. )
)
)
AMERICLEAN BUILDING )
MAINTENANCE, INC., )
)
)
        Defendant. )
)

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE AS TO PLAINTIFF'S CLAIMS AGAINST DEFENDANTS

The Parties (Plaintiff ROSENDO LAZARO ALOMA TOLEDO and Defendant AMERICLEAN BUILDING MAINTENANCE, INC.), by and through undersigned counsel, file this Joint Motion for Approval Joint Motion for Approval of the Parties' Settlement Agreement, and Stipulated Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated a settlement in this matter. The said Defendant neither admits liability and Plaintiff does not admit a lack of liability. As such, said Parties face risks if litigation continues. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement amount listed in the attached settlement agreement.

The amount received by Plaintiff in settlement of the above-styled case is potentially more than she would have recovered had they gone to trial due to the uncertainty of litigation.

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the settlement agreement; and (2) dismissing this action with prejudice.

DATED: 4/28/14

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF

By:__/s/_ Rivkah Jaff_____
Rivkah Jaff, Esquire

ROY & ASSOCIATES, P.A.
ATTORNEYS FOR DEFENDANT

By:_/s/ Dave K. Roy_____
Dave K. Roy, Esquire

Respectfully submitted,

RIVKAH F. JAFF, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FLA. 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: RIVKAH.JAFF@GMAIL.COM
F.B.N. 107511

BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT FOLLOWING CM/ECF FILING VIA SAME ON 4/28/14 TO:

ALL LISTED CM/ECF RECIPIENTS

DAVE K. ROY, ESQ.
ROY & ASSOCIATES, P.A.
THE FORUM, SUITE B-101
1665 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FL 33401
PH: (561) 729-0095
CELL: (561) 584-3514
FAX: (267) 222-6953
EMAIL: DAVEROY@MAC.COM

BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20871-CIV-KMM

ROSENDO LAZARO ALOMA TOLEDO and )
all others similarly situated under 29 U.S.C. )
.216(B), )
)
       Plaintiff, )
vs. )
)
AMERICLEAN BUILDING )
MAINTENANCE, INC., )
)
       Defendant. )
_____ )

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE
AS TO PLAINTIFF'S CLAIMS AGAINST DEFENDANTS**

Having reviewed the Parties' (Plaintiff ROSENDO LAZARO ALOMA TOLEDO and Defendant AMERICLEAN BUILDING MAINTENANCE, INC.) Settlement Amount, it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claim against Defendant AMERICLEAN BUILDING MAINTENANCE, INC. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE.**

       **DONE AND ORDERED** in Chambers, at Miami, Florida, this _____ day of _____ 2014.

                                           _____
                                           K. MICHAEL MOORE
                                           UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

AMERICLEAN BUILDING MAINTENANCE INC. (the "Defendant"), including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns; and ROSENDO LAZARO ALOMA TOLEDO including her heirs, representatives, attorneys, successors, and assigns, (the "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement.

    Defendants specifically release and discharge any claims they might allege to have against Plaintiff related to this case. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:
    a) Title VII of the 1964 Civil Rights Act
    b) The Civil Rights Act of 1991
    c) The Age Discrimination in Employment Act
    d) The Older Workers Benefit Protection Act
    e) The Equal Pay Act
    f) The Fair Labor Standards Act ("FLSA")
    g) The Employee Retirement Income Security Act (ERISA)
    h) The Americans with Disabilities Act of 1990
    i) The Rehabilitation Act of 1973
    j) The Family and Medical Leave Act of 1993
    k) 42 U.S.C. §§ 1981, 1985(3), and 1986
    l) The Occupational Safety and Health Act
    m) Chapter 760, Florida Statutes
    n) The Florida Private Whistle-blower's Act of 1991
    o) Chapter 11A of the Miami-Dade County Code

2. This Release includes all claims which were, or could have been, asserted in the lawsuit *ROSENDO LAZARO ALOMA TOLEDO and all others similarly situated under 29 U.S.C. 216(B) v. AMERICLEAN BUILDING MAINTENANCE INC.*, Case Number 14-

20871-CIV-KMM currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**Consideration.** In consideration of the promises of Plaintiff as set forth herein, the Defendants agree to pay a total settlement in the amount of Four Thousand Dollars and No Cents ($4,000.00). Such payments shall be made in (1) installment and the check must be delivered to Plaintiff's counsel by 4/11/14. The check must be made payable to Client Trust Account of J.H. Zidell, P.A.

Of the total settlement proceeds, Plaintiff shall receive ($1,960). Plaintiff's Counsel shall receive a total of ($2,040) as payment for fees and costs incurred in this case ($440 of that amount is costs).

3. **Non-Admission Clause.** By entering into this Agreement, the Defendant does not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

4. **Non Disparaging Remarks.** The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendant will only provide a neutral reference regarding dates of employment, positions held, and rates of pay.

5. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

    a) Dismissal of Lawsuit. The parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal with Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

8. **Voluntariness.** Plaintiff certifies that he has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has consulted with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

9. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

10. **Confidentiality:** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendant or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountants; (5) for reporting to Taxing authorities; (6) Plaintiff's spouses; (7) or when otherwise required by law. As to the terms of this Agreement, Plaintiff may only state that the dispute has been "resolved." The prevailing party to a suit for any breach of this Settlement Agreement is entitled to all attorneys' fees and costs, jointly and severally, from the nonprevailing party.

11. **Default:** Should Defendant fail to make payment of the settlement funds pursuant to this Settlement Agreement or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via email to Defense Counsel. In the event Defendants fail to cure said breach within (5) business days, Plaintiff shall be entitled to a default final judgment against all Defendants jointly and severally for an additional amount of ($3,000) in addition to any amounts yet unpaid under this agreement, and shall be entitled to any fees and costs incurred in enforcing said settlement agreement.

ROSENDO LAZARO ALOMA TOLEDO
By: _____
Date: 04/17/14

AMERICLEAN BUILDING MAINTENANCE INC.
By: _____
Name: Jame Johnson
Title: President
Date: 4-11-14

